# NATION-WIDE CHECK CORPORATION *v.* SHERMAN

[No. 159, September Term, 1972.]

*Decided January 17, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Phillip Leventhal* for appellant.

*Naji P. Maloof* for appellee.

PER CURIAM:

Closer study by counsel for the parties of the Maryland Rules, closer adherence to the forms appearing in the appendix to those rules, and answers to interrogatories in accordance with the time schedule set in those rules would have avoided the necessity for this opinion.

This case reaches us by way of appeal by the plaintiff from "judgment by default" entered against it because of its failure to answer interrogatories propounded by the defendant, despite a substantial lapse of time. There can be no judgment by default against a plaintiff. The sanction provided under Maryland Rule 417 d properly applicable to the plaintiff-appellant here was for the trial court to "dismiss the action." In other words, to enter a judgment of *non pros. See* 2 Poe, *Pleading & Practice* §§ 362 and 365, at 348-351 (5th ed. Tiffany 1925). Entry of "judgment by default" was a nullity. The interests of justice dictate prompt trial on the merits upon the remand.

> *Order vacated and case remanded for trial; appellant to pay the costs.*